Rudolph BL Whitehurst
2320 A Saddleback Drive
Winterville NC 28590
RUDOLPH BENJAMIN LAVARNE WHITEHURST
          Plaintiff
        V.
TERESA DELOATCH BRYANT
          Defendant

4:20-CV-00179-M

CASE NO. 21-1982

To Whom It May Concern

RECEIVED

2021 OCT 15 PM 2:30

U.S. COURT OF APPEALS
FOURTH CIRCUIT

FILED

OCT - 4 2021

PETER A. MOORE, JR. CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Paragraph 1 Plaintiff CONTRACTED FOR LEGAL SERVICES, (Copy of 19S is attached)...

Paragraph 2 Exhibit 21U COMPLAINT (Jury Trial Demanded) was prepared by Defendant, and signed by Plaintiff, (copy of 21U is attached).

Paragraph 3 3C was Filed to PITT COUNTY CLERK OF COURT, (copy of 3C and PITT COUNTY CLERK OF COURT receipt is attached).

Paragraph 4 Paragraph 1,2, and 3, according to Defendant, my case was set in motion pertaining to 3C. Suddenly with-out warning came to a sudden stop of progress.

Paragraph 5 Plaintiff ask Mark Holtzman Chief of Police, Paraphrased, why did he not support 3C?

Paragraph 6 Mark Holtzman, answered my question with 6E, (Copy of 6E is attached).

Paragraph 7 Plaintiff, hand carried a copy of 6E to Defendant.

Paragraph 8 Defendant responded with 11K pertaining to 6E, (copy of 11K is attached).

Paragraph 9 Defendant's response MEMO to 6E Paraphrased, Defendant wondered if there was another document/ affidavit Chief Holtzman may be referring to in 6E.

Paragraph 10 15 U.S. Code §57b–Civil actions for Violations of rules and cease and desist orders respecting unfair or deceptive acts or practices, Defendant's demonstrated such practice in 11K.

Paragraph 11 Defendant's MEMO 11K, Paraphrased, Defendant states I have been keeping a check on any developments in the law that will help move forward with 3C. Paragraph 10 repeated by Defendant.

Paragraph 12 NOTE: Paragraph 11 Contradicts 6E. Paraphrased 6E states kimberly Smith Robb, Pitt County District Attorney committed 18 U.S.C. §1503 defines "obstruction of Justice. As such, this matter is closed and no further investigation will be conducted. [→3C]

Paragraph 13 NOTE: The setting an appointment expressed in 11K occurred 25th January 2018 as expressed in 10J, (Copy of 10J with CERTIFIE MAIL RECEIPT is attached).

Paragraph 14 Defendant withheld evidence expressed in 10J.

Paragraph 15 Expressed in 10J, Defendant and Plaintiff engaged in a meeting at Defendant's office the 25th January 2018, time approximately 12:30. the meeting was over in approximately one hour.

Paragraph 16 NOTE: the same day the 25th January 2018, expressed in paragraph 15 approximately one hour latter when I arrived home and checked my mailbox, 2B attached to it in the same envelope was 5E.

cgr - aph 17. 5E that was attached with 2B in the same envelope the envelope was also dated 25th January, 18, (copy of envelope is attached with Defendant name and P.O. Box 34.)

Paragraph 18 NOTE: 5E Paraphrased 5E states from Defendant Dear Plaintiff Enclosed please find the following documents: what it didnot state was that Dismissal File No. 14 CRS054486 and Dismissal File No. CRS054962 are both out-of-Court settled Criminal cases. Voluntary Dismissal File No. 17 CVS 1352 is a Civil Case expressed in 2B.

Paragraph 19. Defendant once again committed 15 U.S. Code § 57b - Civil actions, as expressed in Paragraph 10, Defendant took advantage of a Disabled Army Veteran, (copy of 17Q is attached).

Paragraph 20. Rule 41. Dismissal of Actions / Federal Rules of Civil Procedure / US Law. Defendant ignored the procedure of US Law.

Paragraph 21 Case 4:20-CV-00179-M Document 49 Filed 08/23/21 Page 1 of 8. Defendant failed to deliver Rule 41 Dismissal of Actions, To the Court expressed in 2B with Plaintiffs Signature permitting Defendant to execute 2B on Plaintiff's behalf.

Paragraph 22. Plaintiff asks "to receive $75,000, Compensatory damages because [of] Defendant's Wrongful termination.

Thank You For Your Attention to This Matter

Signed Rudolph B L Whitehurst
Dated: OCT 4, 2021

Signed Rudolph B L Whitehurst
Dated: OCT 14, 2021

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
Proof of fee. pay receipt.

Court Name: USDC
Division: 4
Receipt Number: GKN002767
Cashier ID: shelia
Transaction Date: 10/04/2021
Payer Name: Rudolph Whitehurst
---------------------------------
NOTICE OF APPEAL/DOCKETING FEE
  For: Rudolph Whitehurst
  Case/Party: D-NCE-4-20-CV-000179-001
  Amount:      $505.00
---------------------------------
CASH
  Amt Tendered:  $505.00
---------------------------------
Total Due:      $505.00
Total Tendered: $505.00
Change Amt:     $0.00

# CONTRACT FOR LEGAL SERVICES

I, Rudolph Whitehurst, hereby contract with and employ Teresa DeLoatch Bryant, hereinafter "Attorney," in the following matter:

<u>Representation in Out of Court Negotiations with the Greenville Police Department To Resolve Claims Arising From the Department's Handling of the Crime Reported by Client on June 2, 2014</u>

The Attorney agrees to use her best judgment in the handling of the Client's case. The Attorney specifically agrees that she shall investigate the factual and legal circumstances concerning Client's case, prepare and file appropriate pleadings. No other services are required to be performed by Attorney without additional fee arrangements being made and agreed to between Client and Attorney.

2.     For Attorney's services, the Client agrees to pay on a partial flat fee/contingency fee basis as follows:

> <u>FLAT FEE.</u> Upon execution of this contract, Client shall pay a flat fee of $2,500.00 for the services set forth above.
>
> <u>CONTINGENCY FEE</u>. If the gross amount of settlement or judgment exceeds $2,500.00, Attorney shall be paid a contingency fee of thirty-three (33%) of the gross amount of settlement or judgment which exceeds $2,500.00.
>
> For example, should damages be recovered in the amount of $10,000.00, Attorney shall be entitled to 33% of $7,500.00 per the contingency fee provision of this contract for legal services.

3.     EXPENSES.   The Client will pay for all expenses in the Client's case (investigative or otherwise).     Attorney agrees to seek approval from Client before such expenses are incurred.     APPLICABLE RULES OF PROFESSIONAL CONDUCT MAY PROHIBIT THE ADVANCE OF CERTAIN EXPENSES BY THE ATTORNEY.

4.     STANDARD PROVISIONS.   The following terms are also included and contained in this contract for legal services.

a.     METHOD OF PAYMENT. The law firm accepts cash, personal checks or money orders. All checks should be made payable to Teresa DeLoatch Bryant. The firm also accepts credit cards or debit cards but there may be a small processing fee.

b. **NO PROMISE AS TO RESULTS.** The Client has not requested any promises about results and no such promises have been made. The Client recognizes that the Attorney is ethically prohibited from making such promises.

c. **WITHDRAWAL FROM REPRESENTATION.** For non-payment of expenses as provided under the terms herein, non-cooperation, or other reasonable cause, the Attorney shall be permitted to withdraw from further representation in this case by mailing the Client written notice at the last known address of the Client. Any agreement to reduce or compromise a bill must be in writing. If Client requests the contents of his file, he shall be liable for a reasonable cost associated with the copying of said contents.

d. **CLIENT COMMUNICATION.** If at any time the Client is dissatisfied with the services rendered, the Client will immediately contact the Attorney handling the Client's case. Failure to comply with this part of the agreement creates a presumption that the Client is satisfied with the services rendered.

e. **CLIENT CONTACT INFORMATION.** Client agrees to keep Attorney informed as to a current mailing address, phone numbers and emergency contact. If at any time the Client does not respond to Attorney's calls, requests or other attorney communications, the Attorney may in her discretion withdraw from continued representation.

I have read and understand fully this contract. I also acknowledge receipt of a copy of this contract. I hereunto set my hand and seal this the 15th day of December, 2015.

_____ (SEAL)
Rudolph Whitehurst

_____ (SEAL)
Teresa DeLoatch Bryant

STATE OF NORTH CAROLINA **FILED**          IN THE GENERAL COURT OF JUSTICE
COUNTY OF PITT                             SUPERIOR COURT DIVISION
                                           FILE NO. 17 CVS
2017 JUN-2 PM 1:44 FILE NO. 17 CVS 1352
PITT COUNTY, C.S.C.
RUDOLPH B. WHITEHURST,          )
                                )
        Plaintiff,              )
                                )
        vs.                     )                **COMPLAINT**
                                )           (Jury Trial Demanded)
                                )
THE CITY OF GREENVILLE,         )
North Carolina,                 )
a municipal corporation, and    )
THOMAS V. WOOLARD, JR.,         )
                                )
        Defendants.             )
_____ )

COMES NOW the Plaintiff, Rudolph B. Whitehurst, complaining of Defendants, The City of Greenville and Thomas V. Woolard, Jr., and shows unto the Court the following:

### JURISDICTIONAL CLAIMS

1.    Plaintiff is a resident and citizen of Pitt County, North Carolina. He is a Veteran, a former military enlisted Army Soldier and a member of good standing in the community.

2.    Defendant The City of Greenville, North Carolina, a municipal corporation is a municipal corporation located within Pitt County and organized and existing under the laws of the State of North Carolina. This Defendant is hereinafter referred to as "Defendant City."

3.    Upon information and belief, Defendant, Thomas V. Woolard, Jr. is a resident of Pitt County and a former police officer with the Defendant City who was terminated from his position. This Defendant is hereinafter referred to as "Defendant Woolard."

4.    Defendant Woolard is over the age of eighteen, suffers from no legal disability, and is not a member of the armed forces.

5.    On June 2, 2014 and at all other relevant times described herein, Defendant Woolard was employed by Defendant City and acting as an agent of the City in his official capacity as a Greenville police officer. The acts and actions of Defendant Woolard are imputed to his then employer, Defendant City.

6.      Upon information and belief, Defendant City has waived governmental immunity for the purposes of this claim by the purchase of liability insurance that provides coverage for this claim.

## FACTUAL BACKGROUND

7.      On or about 2 June 2014, Plaintiff was driving east on Firetower Road, Greenville, North Carolina when an individual also driving on that road named Harold Van Stanley (hereinafter "Stanley") began yelling, cursing, and demeaning Plaintiff at an intersection.

8.      At some point, Stanley pulled ahead of Plaintiff and forced Plaintiff to pull into the parking lot of New Destiny Pentecostal Holiness Church.

9.      While in the parking lot, Stanley used a racial epithet when yelling at Plaintiff and then viciously assaulted Plaintiff. More specifically, Defendant cut Plaintiff with a knife from the top of Plaintiff's right shoulder to the middle of Plaintiff's right shoulder blade/back.

10.     Upon being stabbed in the back, Plaintiff turned around to see Stanley swinging the knife towards Plaintiff's right torso.

11.     Plaintiff managed to partially block Defendant's arm; however, Stanley still stabbed Plaintiff a second time in Plaintiff's right torso/ribs.

12.     Upon being stabbed a second time, Plaintiff immediately hit Stanley directly in the face and kicked him in the groin in self-defense, after which Stanley fell to the ground.

13.     Upon dropping to the ground, Stanley cut Plaintiff a third time across the front of Plaintiff's right ankle.

14.     Upon being stabbed a third time and with Defendant still on the ground, Plaintiff immediately went to his vehicle to call local law enforcement.

15.     While Plaintiff was in his vehicle calling law enforcement, Stanley went back to his vehicle across the parking lot and drove off.

16.     Plaintiff provided a description of the vehicle, the tag name and a description of the person driving to the police even though he was bleeding profusely and needed medical treatment.

17.     Defendant Woolard was the Lead Detective on the case.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE/GROSS NEGLIGENCE

18.  Plaintiff incorporates herein all allegations set forth in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19.  The weapon used by Stanley was never found. Upon information and belief, the Greenville Police Department never impounded Stanley's vehicle or issued a search warrant for the vehicle or Stanley's home in order to attempt to locate the weapon.

20.  Stanley was not apprehended until over five hours after the incident occurred.

21.  Upon information and belief, Stanley was allowed the privilege of turning himself in instead of being arrested despite the violent nature of the crime and the serious extent of Plaintiff's injuries. Plaintiff is informed and believes that the Craven County Sheriff had actually stopped Stanley after an all points bulletin had been put out for him but that Defendant Woolard expressly approved Stanley not being taken into custody but being permitted to turn himself in to the magistrate's office. Upon information and belief, when Stanley was stopped by the Craven County Sheriff, he was accompanied by his daughter and her friend.

22.  Since Stanley was not promptly taken into custody, he had time to go and take out a cross warrant against Plaintiff on June 3, 2014. In this warrant, he falsely alleged that Plaintiff started the altercation and that Plaintiff had hit him several times in the face. Plaintiff was then charged with the crimes of communicating threats and simple assault by a suspect who should have been arrested hours before he went to take out a cross warrant.

23.  Plaintiff is informed and believes that Defendant Woolard showed preferential treatment for Stanley instead of using what should have been standard protocol in apprehending Stanley quickly and beginning to investigate the case. Upon information and belief, Defendant Woolard did so with the intent to injure Plaintiff. Plaintiff believes that the delay in arresting him may have been for the purpose of allowing Stanley time to take out a warrant against him and/or to manufacture a story about how the incident occurred.

24.  Stanley had time to change the clothes he was wearing when he assaulted Plaintiff which would have had Plaintiff's blood splattered on

3

them. Upon information and belief, no attempt was made by Defendant Woolard to recover the clothing Stanley wore during his attack on Plaintiff.

25. The actions of Defendant Woolard were grossly unethical, negligent, willful, wanton, corrupt and malicious with reckless disregard for the rights and safety of others, *i.e.*, Plaintiff.

26. Malicious conduct is "that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Thompson v. Town of Dallas*, 142 N.C. App. 651, 656, 543 S.E.2d 901, 905(2001)(internal quotations and citation omitted).

27. The negligence of Defendant Woolard is imputed to his then principal and employee, Defendant City, under the doctrine of *respondeat superior*.

28. As a direct and proximate result of the negligence of Defendants, Plaintiff is entitled to recover compensatory and punitive damages suffered through Defendant Woolard's malice or willful conduct.

29. Plaintiff had to expend money to defend against those charges and then have it expunged from his clean record.

30. In addition, by failing to impound Stanley's vehicle or to check for DNA, Defendants compromised Plaintiff's civil claims against Stanley.

31. Finally, Plaintiff believes that the deference shown to Stanley by the Greenville Police may have emboldened Stanley to ride near Plaintiff's property after receiving a bond that prohibited him from being near the property. Plaintiff was so concerned about Stanley coming to his property to attempt to cause further bodily harm to him that Plaintiff requested some sort of law enforcement protection.

32. As a direct and proximate result of the negligence of Defendants, Plaintiff is entitled to recover from them, jointly and severally, compensatory and punitive damages suffered from Defendant Woolard's malice or willful conduct.

## SECOND CLAIM FOR RELIEF
## ACTS OF MALICE AND ACTS BEYOND SCOPE OF DUTIES

33. Plaintiff incorporates herein all allegations set forth in Paragraphs One (1) through Thirty-one (31) as if fully set forth herein.

34. The acts and omissions of Detective Woolard described hereinabove were committed with such reckless and wanton disregard for the rights and in

fact safety of Plaintiff that they were malicious and beyond the scope of his official duties.

35.  The negligence of Defendant Woolard is imputed to his then principal and employee, Defendant City under the doctrine of *respondeat superior*.

36.  Plaintiff is entitled to recover from Defendants, jointly and severally, an amount in excess of $10,000.00 as a result of Defendants' acts of malice and acts beyond the scope of duties.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

37.  Plaintiff incorporates herein all allegations set forth in Paragraphs One (1) through Thirty-five (35) as if fully set forth herein.

38.  Defendant City was negligent in at least the following respects:

   a.  It failed to establish proper and reasonable procedures to train officers in investigating and apprehending suspects of crimes

   b.  It negligently hired and/or retained Defendant Woolard who was ultimately terminated in 2016.

   c.  Through the acts of its agent and employee, Defendant Woolard, it failed to accomplish the mission of a police department of protecting and serving its public.

39.  As a proximate cause of the Defendant City's negligent hiring, retention, and training, Plaintiff has been damaged in an amount to be determined by a jury but believed to be in excess of $10,000.00.

**FOURTH CLAIM FOR RELIEF**
**PUNITIVE DAMAGES**

40.  Plaintiff incorporates herein all allegations set forth in Paragraphs One (1) through Thirty-eight (38) as if fully set forth herein.

41.  Defendants' actions as alleged hereinabove constitute willful and wanton conduct, as set forth in N.C. Gen. Stat. § 1D.

42.  Pursuant to N.C. Gen. Stat. § 1D, Plaintiff is entitled to recover punitive damages from Defendants, jointly and severally, in an amount to be determined by a jury, for not less than $10,000.00.

WHEREFORE, the Plaintiff prays the Court:

1.  That Plaintiff's verified Complaint be treated as an affidavit for all purposes.

2.  That both Defendants be required to issue a written apology to Defendant.

3.  That the Defendant City be required to implement policies and procedures to ensure that no citizen is subject to the same treatment as Plaintiff was subjected to in this case.

4.  That Plaintiff have and recover compensatory damages from Defendants in excess of $10,000.00.

5.  That Plaintiff have and recover punitive damages from Defendants in an amount that is reasonably needed to deter Defendants in the future.

6.  For a Jury Trial on all issues of fact raised by Plaintiff's Complaint.

7.  That all costs in this action be taxed against Defendants, including attorneys' fees as permitted by law

8.  For such other, further, and different relief as this Court may deem just and proper.

This the 2nd day of June, 2017.

Teresa DeLoatch Bryant
Attorney for Plaintiff
N.C. State Bar No. 19905
Post Office Box 34
Greenville, NC 27835
Telephone: 252-758-8800
Facsimile: 252-689-2032

6

## VERIFICATION

The undersigned does hereby verify that he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint and the same is true of his own knowledge, except as to those matters and things therein stated upon information and belief, and as to those things and matters he believes them to be true.

This the 2nd day of June, 2017.

Rudolph B. Whitehurst

State of North Carolina

· County of Pitt

Sworn to and subscribed before me this

2nd day of June, 2017.

NOTARY PUBLIC

My commission expires: //- 27- 2021

7

# *Bryant Law Offices, PLLC*

TERESA DELOATCH BRYANT
PRINCIPAL

P.O. BOX 34
GREENVILLE, NC 27835
306 EVANS ST.
GREENVILLE, NC 27858
252-758-8800
FACSIMILE: 252-689-2032

HOPE FISHER CONNIE
OF COUNSEL

June 2, 2017

Mr. Rudolph Whitehurst
2320 A Saddleback Drive
Winterville, NC 28590

RE:     *Rudolph B. Whitehurst vs. The City of Greenville North Carolina, a municipal*
        *corporation, and Thomas V. Woolard, Jr.*
        Pitt County File No.: 17 CVS 001352

Dear Mr. Whitehurst:

Enclosed please find a copy of the receipt for Court fees in the above-referenced matter for your records.  Take care.

Sincerely,

Michelle H. Fraley
Legal Assistant

Enclosure

PITT COUNTY CLERK OF COURT

V242018          06/02/17  13:56:30

PAYOR: BRYANT,TERESA
PAYEE: SAME
CASE#: 17CVS001352 VCAP:Y
CITA#:

| | |
|---|---|
| 21120 SC-CIVIL FEES | 177.55 |
| 21121 SC-CV LAA FEES | 2.45 |
| 24681 JUD TECH & FAC | 4.00 |
| 22120 CO FAC FEE S CV | 16.00 |
| TOTAL PAID | 200.00 |
| CA TENDERED | 200.00 |
| CHANGE | .00 |

6019   ID C73REJ

**500 S. Greene Street**
**Greenville, NC 27834**



**Greenville**
NORTH CAROLINA

POLICE DEPARTMENT

**Mark Holtzman**
**Chief of Police**

August 30, 2017

MEMO

Mr. Rudolph B. Whitehurst
2320-A Saddleback Drive
Winterville, NC  28590

Re:  GPD Case No. 2014-00034580

Dear Mr. Whitehurst:

I have received and reviewed your correspondence concerning the above-referenced case.  During this review, I contacted the Pitt County District Attorney's Office to ascertain the status of this matter.  I was informed that you executed an affidavit not to pursue charges in lieu of a private settlement.  As such, this matter is closed and no further investigation will be conducted.

Sincerely,

Mark Holtzman
Chief of Police



**Bryant Law Offices, PLLC**
Post Office Box 34
Greenville, NC 27835
tdbryantatty@gmail.com
Telephone: 252-758-8800
Facsimile: 252-689-2032

**MEMO**

To: Rudolph Whitehurst
From: Teresa DeLoatch Bryant
Date: January 12, 2018
RE: *Whitehurst vs. City of Greenville & Woolard*

---

Dear Rudolph:

The letter refers to an Affidavit. The Release of Claims is not an Affidavit. I am wondering if there is another document Chief Holtzman may be referring to in his letter. I do agree that you have no further potential claim against Harold Van Stanley so if the "further investigation" he refers to relates to an issue with Stanley then that is barred.

I have been keeping a check on any developments in the law that will help move forward with a viable case against the City and Mr. Woolard and there still is nothing concrete that is helpful. The action is still pending but without anything more definitive, it makes sense to dismiss without prejudice. I am not sure if you were thinking I had already done so but I have not in hopes that I would find something helpful.

I will be out of the office most of the week of January 15th but you will be called on Tuesday, January 16th regarding setting an appointment.

Take Care.


TDB

Bryant Law Offices, PLLC    Feb. 1, 2018    Rudolph B Whitehurst

   P.O. Box 34                                    2320A Saddleback Dr

Greenville NC 27835                         Winterville Nc 28590

                                                      .IOJ

Dear Ms. Bryant

As You Are Aware of, We Had A Meeting At Your Office The 25th January 2018, Time Approximately 12:30 am. Realizing That Ted O. Sauls Jr, Was Interim Chief Of Police During The Event, Whitehurst Vs T.V. Woolard. That Being Said. It Led Me To Wonder, Why Wasn't The <u>Internal Affairs Complaint</u>: 2014-00109, Brought, Or Shall I Say <u>Introduce</u> To Evidence.

While on Ted's Watch? Was The Reason Because He Was Deterred Just As Chief Mark Holtzman Were, Just As Prescribed In His <u>MEMO</u> Sent To You By Me, From Chief Mark Holtzman, Dated: August 30, 2017. I Can Only Speculate Attorney Bryant, You Have The Skills With Authority To Justify. In The Course of our Meeting In Your office I Question The Legalities of My Having Access To The <u>Internal Affairs Complaint</u>: 2014-00109, <u>MEMO</u> Dated: August 18, 2015, At First You Were Reluctant To Answer The Question.

Then You Looked up The Legalities From A Book Pretaining To The Question, Your Answer Was Yes That I Do Have Legal Rights To A Copy Of The Complaint, But Yet I Was Denied Access By You To Receive one, Why? Also I Ask? Why Haven't You Received A Copy Of The Complaint, If Not Already? Please Let Me Reiterate Your Expressing An Attempt To Move Foward With A Viable Case. Against The City And Mr. Woolard, Stated In Your <u>MEMO</u> Dated: January 12, 2018. My Request Is For You To Send Me A Brief Letter, Answering My questions of concern. When verbally Having A conversation, Is Legally Considered Hearsay. I Can't Document-Tate Hearsay, Thank You.

                     Sincerely

                     Rudolph B Whitehurst



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

GREENVILLE   OFFICIAL   USE

| Certified Mail Fee | |
|---|---|
| $3.45 | |

| Extra Services & Fees (check box, add fee as appropriate) | |
|---|---|
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 |

Postmark
Here

| Postage | |
|---|---|
| $ $0.50 | |

| Total Postage and Fees | |
|---|---|
| $ $3.95 | |

0590
06

02/01/2018

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7017 1450 0002 2264 7950

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF PITT    SUPERIOR COURT DIVISION
    FILE NO. 17 CVS 1352

RUDOLPH B. WHITEHURST, )
    )
    Plaintiff,    )
    )
    vs.    )
    )
THE CITY OF GREENVILLE,    )    VOLUNTARY DISMISSAL
North Carolina,    )
a municipal corporation, and    )
THOMAS V. WOOLARD, JR.,    )
    )
    Defendants.    )

NOW COMES the Plaintiff, Rudolph B. Whitehurst, pursuant to NC Rules of Civil Procedure Rule 41(a) and hereby gives notice of voluntary dismissal of his Complaint against Defendants, The City of Greenville, North Carolina, a municipal corporation and Thomas V. Woolard, Jr.

This the 25th day of January, 2018.

Teresa DeLoatch Bryant
Attorney for Plaintiff
N.C. State Bar No. 19905
Post Office Box 34
Greenville, NC 27835
Telephone: 252-758-8800
Facsimile: 252-689-2032

# *Bryant Law Offices, PLLC*

P.O. Box 34
GREENVILLE, NC 27835
306 EVANS ST.
GREENVILLE, NC 27858
252-758-8800
FACSIMILE: 252-689-2032

## MEMO

January 25, 2018

Mr. Rudolph Whitehurst
2320 A Saddleback Drive
Winterville, NC 28590

Dear Mr. Whitehurst:

Enclosed please find the following documents:

- Dismissal in Pitt County File No. 14 CRS054486

- Dismissal in Pitt County File No. 14 CRS054962

- Voluntary Dismissal in Pitt County File No. 17 CVS 1352

I forgot to mention to you that I hear that Kimberly Robb will have at least one serious contender in the election this year, Lee Allen, who is currently with the Colombo Kitchin law firm but who was an Assistant District Attorney previously in his career.

Sincerely,

Teresa DeLoatch Bryant

Enclosures

*Bryant Law Offices, PLLC*

P.O. Box 34

GREENVILLE, NC 27835-0034

  

1000          28590

U.S. POSTAGE
PAID
GREENVILLE, NC
27834
JAN 25, 18
AMOUNT

$0.71

R2304M115077-15

Mr. Rudolph Whitehurst
2320 A Saddleback Drive
Winterville, NC 28590
Dear Mr. Whitehurst:

28590$9864 RO13



# Department of Veterans Affairs

251 N MAIN ST
WINSTON-SAL NC 27155



February 10, 2020

Veteran's Name:
Whitehurst, Rudolph, Benjamin

#   000040657         I=0000
ԿՈլիկիիկակակակիկիիիՈլլ...ՈլիլիՈւՈլիկի
49657 1 AV 0.366
RUDOLPH B WHITEHURST
2320A SADDLEBACK DR
WINTERVILLE NC   28590

This letter is a summary of benefits you currently receive from the Department of Veterans Affairs (VA). We are providing this letter to disabled Veterans to use in applying for benefits such as housing entitlements, free or reduced state park annual memberships, state or local property or vehicle tax relief, civil service preference, or any other program or entitlement in which verification of VA benefits is required. Please safeguard this important document. This letter replaces VA Form 20-5455, and is considered an official record of your VA entitlement.

## --America is Grateful to You for Your Service--

Our records contain the following information:

## Personal Claim Information:
Your VA claim number is: 146 56 0748
You are the Veteran

## Military Information:
Your character(s) of discharge and service date(s) include:
Army, Honorable, 30-May-1978 - 12-Feb-1984
(You may have additional periods of service not listed above)

## VA Benefits Information:
Service-connected disability: Yes
Your combined service-connected evaluation is: 70 PERCENT
The effective date of the last change to your current award was: 01-DEC-2019
Your current monthly award amount is: $3,106.04
Are you being paid at the 100 percent rate because you are unemployable due to your service-connected disabilities: Yes
Are you considered to be totally and permanently disabled due to your service-connected disabilities: Yes

You should contact your state or local office of Veterans' affairs for information on any tax, license, or fee-related benefits for which you may be eligible. State offices of Veterans' affairs are available at http://www.va.gov/statedva.htm.

## Need Additional Information or Verification?
If you have any questions about this letter or need additional verification of VA benefits, please call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the federal relay number is 711. Send electronic inquiries through the Internet at https://iris.custhelp.va.gov/.

Sincerely yours,

Regional Office Director

 

**PRESS FIRMLY TO SEAL**

![USPS Logo] **UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS®**

EI 001 731 783 US

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)  PHONE ( 252 ) 367-5651

Rudolph B. Whitehurst
2330 A Saddleback Drive
Winterville NC 28590

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)  PHONE ( )

UNITED STATES OF APPEALS FOR
THE FOURTH CIRCUIT
1100 E Main St, Richmond VA 23219



**INSPECTED**
**OCT 15 2021**

ZIP + 4® (U.S. ADDRESSES ONLY)

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
| 28590 | 10-15-21 | $ 27.10 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 10-14-21 | ☐ 12:00 ☐ 3:00 PM | $ — | $ — |

| Time Accepted | ☐ AM ☐ PM | Return Receipt Fee | Live Animal Transportation Fee |
| | | $ — | $ — |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
| $ | $ | $ 27.10 |

| Weight | ☐ Flat Rate | Acceptance Employee Initials | |
| ___ lbs. ___ ozs. | | RS | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, MAY 2021  PSN 7690-02-000-9996

⬅ **PEEL FROM THIS CORNER**

020